## ALEXANDER COBURN

### v.

## CASSIE & FRASER.

WASHINGTON COUNTY, 1893.

Before: ROSS, CH. J., ROWELL, MUNSON AND START, JJ.

*Partnership.   Covenant to pay debts upon dissolution.*

The defendants, being partners in the granite business, purchased
a quarry, in part payment for which they gave their joint
and several notes and secured the same by mortgage on the
quarry.    Subsequently, June 17, the defendants quit-
claimed their interest in the same to the plaintiff, and the
plaintiff transferred his interest in the personal property
and stock of the partnership to one of the defendants.
Later, June 24, the parties executed an agreement under
seal by which the plaintiff conveyed his interest in the
debts due the partnership to the defendants, and they cove-
nanted to see him harmless from all debts contracted in or
about the former partnership.    *Held*, that they thereby
became bound to pay the notes given for the quarry.

Covenant broken.    Plea, the general issue.    Trial by
court at the March term, 1893, TAFT, J., presiding.    Upon
the facts found by the court, judgment was given for the de-
fendant.    The plaintiff excepts.    The opinion states the
case.

*Martin & Slack* and *Dillingham, Huse & Howland* for
the plaintiff.

Under a plea of the general issue the only defence open
to the defendant was that covenant had not been broken.

He could not show an estoppel.    Chitty Pl., 487-518;
Gould Pl., 284 and note; s. 301, 41, 42, 43 ; Stephen Pl.,
151 ; _Gardner et al._ v. _Gardner et al._, 10 Johns. 47 ; _Legg_
v. _Robinson_, 7 Wend. 194 ; _Brazee & Carroll_ v. _Blake &_
_Gay_, 5 Ohio 340 ; _Granger, Admr._, v. _Granger_, 6 Ohio 35 ;
_Reynolds et al._ v. _Rogers' Exrs._, 5 Ohio 169 ; _Abbott_ v.
_Allen et al._, 14 Johns. 248.

_George W. Wing_ for the defendant.

The opinion of the court was delivered by

ROSS, Ch. J.    It is found that the parties, prior to June
17, 1891, were partners in the granite quarrying and cutting
business.    In establishing and conducting this partnership
business they had purchased a quarry and given their notes,
secured by a mortgage on the quarry, for a part of the
purchase money.    With this condition existing, on June 17,
1891, the defendants, by a quit-claim deed, conveyed to the
plaintiff the quarry and their interest in the blacksmith shop,
derrick and all tools on the quarry land.    Contempo-
raneously, the plaintiff conveyed to the defendant Cassie,
for a money consideration, all his interest in the partnership
works, and in all the tools and stock in the sheds and yards
of the partnership, therein stating that the plaintiff was to
have no responsibility for the debts contracted on or before,
or after that date, by reason of any business which had been
or might be carried on in the sheds or yards, except one-
fourth of the loss on a specified transaction.    By his accept-
ance of the plaintiff's conveyance an implied agreement
arose on the part of Cassie to pay and save the plaintiff
harmless from the indebtedness described, but no express
agreement to that effect was entered into by Cassie, and no
agreement with reference thereto by Fraser.    The convey-
ance by the plaintiff did not, in terms, transfer to Cassie the
plaintiff's interest in the debts due the partnership.    While

their matters were thus situated, on June 24, 1891, by an indenture under seal, between the plaintiff of the first part and the defendant of the second part, the partnership was dissolved and the plaintiff conveyed and assigned to the defendants all the debts and sums of money due and owing the partnership, also all the tools, stock and good will of the partnership except the private tools of the plaintiff, and the property conveyed to the plaintiff by the deed dated June June 17, 1891, and agreed to pay defendant Cassie fifty-five dollars ; and the defendants agreed to discharge and pay all debts and sums which the three jointly owed, or which were chargeable upon the partnership, or upon either or any of them as partners, to any person or persons, for or by reason of their joint trade or partnership, excepting one-fourth of the loss which might come from the transaction specified in the conveyance from the plaintiff, dated June 17, 1891. The trial court found that no facts were shown which varied the legal operation of these three written contracts or conveyances.    The indenture was under seal.    It is not claimed that it will not support the action of covenant broken if there has been a breach of its provisions.    The plaintiff has been called upon to pay, and has paid, a portion of the partnership notes heretofore mentioned, secured by mortgage on the quarry conveyed to the plaintiff.    These notes were given in prosecution of the partnership business, and fall within the class of indebtedness which the defendants, by the indenture of June 24, 1891, agreed to pay and discharge. The notes have fallen due and the defendants have failed to pay them, and the plaintiff has been called upon, and did pay them, in part.    To the extent he had paid, before bringing this suit, less the loss on the excepted transaction, the plaintiff is entitled to recover.

*Judgment reversed, and judgment for the plaintiff to recover $325 with interest, to be computed by the clerk, and costs.*